IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES PRYOR                                                                    PLAINTIFF

v.                              No. 3:23-cv-168-DPM

LOWE'S HOME IMPROVEMENT STORE
NO. 0414; JOHN DOE, an Arkansas Resident
Personally and as an Employee of Lowe's
Home Improvement Store No. 0414;
LOWE'S HOME CENTERS, INC.; and
LOWE'S HOME CENTERS, LLC                                              DEFENDANTS

ORDER

James Pryor, a semi-retired Vietnam veteran, mows lawns for money. After his Toro zero-turn riding lawnmower gave out in July 2020, he bought a John Deere zero-turn mower from Lowe's in Jonesboro. Before leaving the store, he asked a lawn-and-garden associate to help him load the new mower onto his trailer, which Pryor had used to haul his Toro mower around. The associate said, "We'll load it"—with a caveat: He would help Pryor, but only after another associate could relieve him of his post in the lawn and garden section. *Doc. 24-1 at 43*. After waiting for about half an hour, repeatedly asking for help, and with no backup associate in sight, Pryor asked for a status update. The associate couldn't give him one. He then handed Pryor the keys and said, "Here's the keys; load it." *Doc. 24-1 at 40*.

At that point, Pryor decided to load the mower himself instead of waiting any longer. He told the associate, "I've got to go. I've got yards to cut. I want to use my brand new lawn mower." *Doc. 24-1 at 46.* As he drove the mower up his trailer ramps, it tipped over backward, landed on him, and crushed two of his lower vertebrae.

Pryor sues, arguing that Lowe's was negligent. Lowe's moves for summary judgment. There are two issues presented. Did Lowe's owe Pryor a legal duty to help load the mower? And as a fallback theory, which Pryor argues but did not plead, did Lowe's have a duty to warn him about loading-related dangers? The Court has taken the record in the light most favorable to Pryor. *Oglesby v. Lesan*, 929 F.3d 526, 531–32 (8th Cir. 2019).

"Duty is always a question of law." *Lackey v. Mays*, 103 Ark. App. 70, 75, 286 S.W.3d 193, 196 (2008). Lowe's has a duty to maintain its premises in a reasonably safe condition for its customers. *Ibid.* It did not have an affirmative duty to help Pryor load the mower. *Kroger Co. v. Smith*, 93 Ark. App. 270, 274–75, 218 S.W.3d 359, 362–63 (2005); *Lytle v. Wal-Mart Stores, Inc.*, 309 Ark. 139, 143–44, 827 S.W.2d 652, 654–55 (1992). Pryor emphasizes the company's website. It says: "Sometimes home improvement products can be a little unwieldy. Let us load them for you." *Doc. 27-1 at 3.* In Arkansas, though, customer-friendly policies do not change "the duty of care owed to a business invitee by an invitor." *Lytle*, 309 Ark. at 144, 827 S.W.2d at 655.

Had Lowe's helped in the loading, then it would have been obligated to use due care in doing so. *Haralson v. Jones Truck Line*, 223 Ark. 813, 816–17, 270 S.W.2d 892, 895 (1954); *Johnson v. Home Depot USA, Inc.*, 2016 WL 7494268 (E.D. Ark. 2 August 2016). No such duty arose here because no Lowe's employee helped Pryor.

A duty to warn? Pryor appreciated the risks of loading the new mower. As he put it: "I had never driven it before. I was concerned about my ability to put it up there." *Doc. 24-1 at 43*. That's why he asked for help in the first place. *Doc. 24-1 at 40*. And he knew help was still available, albeit delayed. *Doc. 24-1 at 46*. The undisputed facts do not establish the kind of "hidden dangers, traps, snares, pitfalls and the like" that gives rise to a duty to warn. *Kroger*, 93 Ark. App. at 275, 218 S.W.3d at 363. As anyone would have been, Pryor was frustrated by the lack of help from Lowe's. But that inattentive service "does not translate into legal liability." *Lytle*, 309 Ark. at 144, 827 S.W.2d at 655.

\*   \*   \*

The motion for summary judgment, *Doc. 24*, is granted.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

23 April 2025